UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, a California Corporation, | ) ) ) | Case No. 12cv1054 LAB (WMc) |
| Plaintiff, | ) ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE** |
| v. | ) ) | |
| JOHN DOES 1 through 8, | ) ) | [ECF No.4] |
| Defendants. | ) ) | |

**I. BACKGROUND**

On April 30, 2012, Plaintiff, Malibu Media, LLC, filed a complaint against John Does 1 through 8 for copyright infringement and a Motion for Leave to Serve Third-Party Subpoenas Prior to a Rule 26(f) Conference in order to ascertain the identities of the Doe Defendants. (Doc. No. 1, 4.)

In its complaint, Plaintiff asserts the defendants are liable for both direct and contributory copyright infringement. (Compl. at 1; Doc. No. 1.) Plaintiff alleges it owns the copyrights for movies contained on its website and the defendants used BitTorrent, a peer-to-peer file sharing system, to copy and distribute the movies without consent. (*Id.* at 3.) To identify the Internet Protocol (IP) addresses of the defendants using BitTorrent, Plaintiff hired computer investigators, IPP, Limited. (*Id.* at 6.)

Since it can only identify the defendants by the IP addresses used, Plaintiff wishes to

serve a Rule 45 subpoena on the Internet Service Provider (ISP) that issued the IP addresses to the defendants. (Pl.'s Mot. at 1; Doc. No. 4.) The proposed subpoena will demand the name, address, telephone number, e-mail address, and Media Access Control (MAC) address, a unique number identifying the computer using the IP address, of each defendant. (*Id.*)

Plaintiff claims good cause exists to grant the motion because: (1) it has sufficiently pled copyright infringement, (2) it cannot identify the defendants without the discovery requested, (3) the ISP may destroy the logs prior to a Rule 26(f) conference, (4) the information sought is limited and specific, (5) the requested discovery is necessary to pursue a suit against the defendants, and (6) Plaintiff's interest in the requested information outweighs the defendants' privacy concerns. (*Id.* at 3-5.)

**II. STANDARD OF REVIEW**

Unless a court order permits early discovery, it is not allowed until parties meet and confer pursuant to Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d). To determine if early discovery is warranted in a particular case, the court applies a "good cause" test by weighing the need for discovery to further justice with the prejudice it may cause the opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Specifically, in internet-related copyright infringement cases, the court may find good cause to allow early discovery to identify unknown defendants when: (1) the complaint alleges a prima facie case of copyright infringement, (2) there is no other way to identify the defendant(s) and proceed with the case, and (3) there is a chance the ISP may not preserve the needed contact information. *UGM Recordings, Inc. v. Doe.*, No. C 08-1193 SBA, 2008 WL 4104214, at * 4 (N.D. Cal. Sept. 3, 2008); *see also First Time Videos v. Doe*, No. CIV S-11-3478 GEB EFB, 2012 WL 423714 (E.D. Cal. Feb. 8, 2012). In addition, the potential for prejudice towards the defendant is reduced if the discovery is narrowly tailored to request only the information needed to initiate suit. *UGM Recordings*, 2008 WL 4104214, at *4. If a plaintiff can satisfy the necessary elements, the court may allow early discovery to prevent ongoing harm to the plaintiff. *Id.*

In *Arista Records LLC v. Does 1-43*, the defendants used an online distribution system to

download or share Plaintiff's copyrighted works without consent. No. 07cv2357-LAB (POR), 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007). The plaintiff was only able to identify the defendants by the IP addresses assigned to them at the time they downloaded the works and wished to serve a discovery request on the ISP in order to obtain the true identities of the defendants. *Id.* The Court found good cause to order early discovery because the plaintiff sufficiently alleged copyright infringement in its complaint, the information requested was necessary to proceed with the case, there existed a risk that the ISP would not preserve the information, and the discovery request only asked for the basic contact information of the unknown defendants. *Id.* The order ultimately issued by the Court in *Arista* allowed Plaintiff to request enough information to identify each defendant, including their names, current and permanent addresses and telephone numbers, e-mail addresses, and MAC addresses. *Id.*

Similarly, in *UGM Recordings* the court found good cause to grant the plaintiff early discovery to identify an unknown defendant who downloaded the plaintiff's copyrighted music recordings via an online peer-to-peer system. 2008 WL 4104214, at *2. The plaintiff only had access to the IP address associated with downloading the recordings and intended to serve a subpoena on the ISP to determine the identity of the defendant. *Id.* First, the plaintiff satisfied the requirement for sufficiently alleging copyright infringement by showing it owned a valid copyright and that the copyrighted works were distributed without its consent over the internet. *Id.* at *5. Second, Plaintiff was only able to identify the defendant by its IP address and, therefore, could not proceed with a suit absent the requested discovery. *Id.* Third, Plaintiff alleged the ISP could have potentially disposed of the logs without the discovery request. *Id.* In addition, the plaintiff showed that, without the discovery, it could not truly identify the defendant and would suffer ongoing harm if not given the opportunity to file a suit. *Id.* The plaintiff further alleged there would be no prejudice towards the defendant since it asked only for the contact information required to serve process. *Id.* The *UGM Recordings* court granted the plaintiff's motion for early discovery allowing it to request the defendant's name, address, telephone number, e-mail address, and MAC address. *Id.* at *6.

In addition to the test developed by courts addressing internet-based copyright

infringement, some courts have looked to a more generalized set of factors when deciding motions for early discovery to identify unknown defendants. *See Openmind Solutions, Inc. v. Does 1-39*, No. C 11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011); *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash*, No. 12-CV-0186 MMA, ECF, 2012 WL 1648838, at *3 (S.D. Cal. May 4, 2012). The factors are as follows: first, the court may require the plaintiff to sufficiently identify the unknown party so it is clear there exists a real person or entity; second, the court may ask the plaintiff to show it has made a good faith effort to identify and serve the defendant; third, the court may require the plaintiff to prove its claim could withstand a motion to dismiss; finally, the court may also ask the plaintiff to show that the requested discovery will uncover the necessary information. *Columbia Ins.* 185 F.R.D. at 578-80.

### III. DISCUSSION

After careful consideration of the motion for early discovery, the Court finds the plaintiff has satisfied either test used by the courts in analyzing motions for early discovery in internet related copyright infringement cases. Accordingly, the Motion is **GRANTED**.

Specifically, the plaintiff has properly alleged a case of copyright infringement by claiming it owns the copyrights for the movies at issue and the defendants copied the movies without its consent. (Pl.'s Mot. at 3; Doc. No. 4.) Second, the plaintiff alleges the discovery request is necessary to identify the defendants since only an ISP can identify the person using an IP address. (*Id*. at 4.) Third, since ISPs only maintain their logs for a limited period of time, Plaintiff alleges there is a great risk the needed information will not be maintained without the subpoena. (*Id.*) In addition, the plaintiff only requests the name, address, telephone number, e-mail address and MAC address of each of the defendants, limiting the amount of prejudice to the defendants. (*Id.* at 5.) The requested information is necessary to proceed with a suit, therefore, potential harm towards the Doe defendants is outweighed by the plaintiff's interest in obtaining justice.

The more general factors set out in *Columbia Ins.* are also satisfied by the plaintiff's motion. First, the plaintiff sufficiently identified each defendant by providing the IP addresses

used to copy and distribute the movies. (Exhibit B; Doc. No. 4-3.) Second, the plaintiff has tried to identify the defendants by hiring a computer investigator. (Compl. at 6.) Third, the plaintiff alleges a prima facie case of copyright infringement and will likely withstand a motion to dismiss. (Pl.'s Mot. at 1.) Finally, the plaintiff claims the ISP maintains records that contain the information they seek. (*Id.* at 1.)

**IT IS HEREBY ORDERED** that:

1. Plaintiff may serve a third-party subpoena to Cox Communications to identify the names, addresses, telephone numbers, e-mail addresses, and MAC addresses of the eight (8) defendants identified by the IP addresses listed in Exhibit B. (Doc. No. 4-3.)

2. Plaintiff may only use the information obtained from the ISP in furtherance of this lawsuit.

3. Plaintiff shall provide a copy of this Order, along with any subpoena served, to Cox Communications.

**IT IS SO ORDERED.**

DATED: July 12, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court